### GERRIT SMITH VS. HENRY FRIZELL, et. al.

A writ of Replevin will be amended on terms, by changing it from *cepit and detinet* to *detinet* alone, after the execution and appearance by defendant, where it appeared the attorney issued it, misapprehending the state of facts in the case.

*Motion by plaintiff for leave to amend the writ of replevin, which was issued and executed in this cause, by striking out the words imputing an unlawful taking, to wit,* "hath taken and,"—*changing it from cepit and detinet to detinet alone.*—Plaintiff's attorney issued the writ of replevin for *cepit* and *detinet,* upon information which he supposed warranted it, but subsequently ascertained that it should have been issued for *detinet* alone, in order to meet the facts of the case. Defendant's counsel sup-

posed that a writ issued *intentionally cepit and detinet* could not be amended under the rule; that the decisions went to show that such amendments would be allowed only where it was shown to be a clerical mistake in drawing the writ. It was shown that the defendants had appeared, but the plaintiff had not declared.

A. C. Hand, *Plffs Counsel.*       A. C. Hand, *Plffs Atty.*
M. T. Reynolds, *Defts Counsel.*       C. F. Tabor, *Defts Atty.*

Bronson, Chief Justice.—Thought the amendment should be allowed under the general rule; and *granted* the motion on payment of $7 costs of opposing the motion, and giving a new replevin bond nunc pro tunc, and the sureties therein justifying, provided the form of the existing bond be such that it will not be adapted to the amended writ.